UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA DAVIDSON,<br><br>    Plaintiff,<br><br>v.<br><br>KAY'S CAFE, INC. et al.,<br><br>    Defendants. | Case No. 5:23-cv-02061-SB-SHK<br><br>ORDER TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION |

    Plaintiff Shawna Davidson, as Trustee of the James Stewart Davidson Trust, filed an unlawful detainer action in state court against her tenants, Defendants Kay's Cafe, Inc., and Tony Shin.  The complaint does not reference any federal law and specifies that Plaintiff's demand does not exceed $10,000.  Dkt. No. 1 at 7 of 48.  Defendant Tony Shin, purportedly together with Chung Shin and Su Noh—who are not named in the unlawful detainer action but appear to reside at the same property—nevertheless removed the case *pro se*, invoking the Court's federal question jurisdiction based on Chung Shin and Su Noh's filing for bankruptcy, which they contend should have prevented the state court from issuing a writ of execution.  Dkt. No. 1.

    Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g.*, Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings.  Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also* Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

Under the "well-pleaded complaint rule," 28 U.S.C. § 1331 confers federal-question jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's unlawful detainer complaint does not reference any federal laws, and Defendants cite no authority to support their assertion that the filing of bankruptcy proceedings (particularly by non-parties) confers federal question jurisdiction over the unlawful detainer action.  Nor does there appear to be any other basis for federal jurisdiction.  Accordingly, Defendants are ORDERED to show cause, in writing, by no later than October 26, 2023, why this case should not be remanded for lack of subject-matter jurisdiction.  *Failure to timely file a response will result in an order remanding the case to state court.*

IT IS SO ORDERED.

Date: October 18, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge